**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 14 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRANCISCO NARANJO-LUCATERO, | No.    18-73085 |
| Petitioner, | Agency No. A079-166-635 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 10, 2022**
Portland, Oregon

Before: GRABER, BEA, and M. SMITH, Circuit Judges.

Petitioner Francisco Naranjo-Lucatero seeks review of the Board of

Immigration Appeals' (BIA) order denying his applications for asylum, withholding

of removal, and relief under the Convention Against Torture (CAT).  Because the

parties are familiar with the facts, we do not recount them here, except as necessary

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

to provide context to our ruling. We review legal questions de novo and the agency's factual findings for substantial evidence. *See Aden v. Wilkinson*, 989 F.3d 1073, 1079 (9th Cir. 2021). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition for review.

Naranjo-Lucatero contends that the agency lacked jurisdiction over his immigration case because the notice to appear did not include the time and date of his removal hearing.[1] This argument fails under our precedent because Naranjo-Lucatero later received notice of the time and date of the hearing and attended. *See Karingithi v. Whitaker*, 913 F.3d 1158, 1160–61 (9th Cir. 2019).

On the merits, substantial evidence supports the agency's denial of asylum and withholding of removal. An asylum applicant "must demonstrate that he has suffered past persecution or has a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (citing 8 U.S.C. § 1101(a)(42)). Naranjo-Lucatero does not allege any past persecution. Rather, he fears future persecution from the Mexican mafia because he has lived in the United States. The agency found that Naranjo-Lucatero's proposed social group

---

[1] Naranjo-Lucatero's argument depends on *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), which was decided after briefing to the BIA was complete. Although Naranjo-Lucatero did not present his jurisdictional argument to the agency, exhaustion is not required because no administrative remedy was previously available. *See Alvarado v. Holder*, 759 F.3d 1121, 1128–30 (9th Cir. 2014).

of Mexicans returning home from the United States was overly broad and could not support an asylum application.[2]  Substantial evidence supports this determination. *See Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1228–29 (9th Cir. 2016); *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151–52 (9th Cir. 2010) (per curiam).  Because we affirm the agency's determination that Naranjo-Lucatero failed to establish eligibility for asylum, we also affirm denial of the application for withholding of removal.  *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Lastly, to be eligible for CAT relief, Naranjo-Lucatero must show he "will more likely than not be tortured with the consent or acquiescence of a public official if removed to [his] native country."  *See Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020).  Although Naranjo-Lucatero may fear private actors in Mexico, he offered only general evidence of violence and crime in Mexico.  The agency considered country conditions evidence and concluded it did not show that Naranjo-Lucatero faced an individualized risk of torture.  Substantial evidence supports the agency's finding. *See Delgado-Ortiz*, 600 F.3d at 1152.

**PETITION FOR REVIEW DENIED.**

---

[2] The BIA did not err by declining to consider Naranjo-Lucatero's proposed particular social group of "persons who are perceived as wealthy because of the amount of time they have spent in the U.S.," because it was raised for the first time on appeal.  *See Honcharov v. Barr*, 924 F.3d 1293, 1297 (9th Cir. 2019).

3